UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MAX MADAYAG, | CASE NO. 1:16-CV-1082 AWI SAB |
|---|---|
| Plaintiff | ORDER RE: MOTION FOR REMAND AND MOTION FOR ATTORNEY'S FEES |
| v. | |
| MCLANE/SUNEAST, INC. a Texas corporation; PATRICIA HAWKINS, and individual; and DOES 1 through 20, inclusive, | |
| | (Doc. 9) |
| Defendants | |

Plaintiff Max Madayag is a former employee of Defendant McLane/Suneast, Inc.; he was a truck driver. Defendant Patricia Hawkins works for Defendant McLane as a human resources manager. In April 2015, Plaintiff suffered an injury to his shoulder while on the job. He was put on some form of light, modified work duty until July 27, 2015. Plaintiff underwent surgery on August 22, 2015. He was informed that it would take a year for his shoulder to completely heal. Defendant McLane's policy is to allow for a six month recovery period for injured employees before they had to return to full work duty. Plaintiff contacted Dan Hodge, Defendant McLane's then human resources manager, who informed him that employees would be allowed an additional 90 days of leave with sufficient medical justification. On January 20, 2016, Plaintiff submitted a letter from his doctor which described what physical restrictions Plaintiff was still subject to while still recovering and suggested that Plaintiff might be prepared for full work duty on March 15, 2016. In the interim Dan Hodge retired and Defendant Hawkins took over as human resources manager. Plaintiff contacted Defendant Hawkins after he submitted his doctor's letter. She assured him that the letter was sufficient and that he had nothing to worry about concerning his

job. On January 27, 2016, Plaintiff was discharged by Defendant McLane; the rationale Plaintiff was given was that his six months of leave (calculated from the end of his light modified work duty on July 27, 2016) were up and he was not ready to resume a full work duty. Defendant Hawkins told Plaintiff that his physical restrictions could not be accommodated. Joseph Stagnero, president of Defendant McLane told Plaintiff that he could return to work when his doctor cleared him for full work duty. On March 3, 2016, Plaintiff's doctor told him he could return to full work duty on March 15, 2016. Defendant McLane did not rehire Plaintiff.

On June 23, 2016, Plaintiff filed suit in the Superior Court of California, County of Merced. He is suing Defendant McLane alone based on state law causes of action for disability discrimination, failure to accommodate, failure to engage in an interactive process, retaliation, and wrongful termination. Plaintiff also alleges a defamation claim against both Defendant McLane and Defendant Hawkins. He claims that Defendant Hawkins has told other people, both within the company and subsequent potential employers, that Plaintiff could not work. Plaintiff has not specified what Defendants said exactly. On July 7, 2016, Defendants removed the case to federal court, asserting diversity jurisdiction. Plaintiff and Defendant Hawkins are citizens of California and Defendant McLane is a Texas corporation. Defendants assert that Defendant Hawkins was fraudulently joined as a sham defendant whose citizenship should be disregarded. Plaintiff has now made a motion to remand. Doc. 9. Defendants oppose the motion. Doc. 12.

## II. Legal Standards

The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction; it is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106-7 (9th Cir. 2010). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009), citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic

Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

### III. Analysis

Plaintiff argues that there is a lack of diversity which defeats subject matter jurisdiction. In this case, Plaintiff claims that Defendant Hawkins defamed him. Defendants argue that the claim against Defendant Hawkins fails as a matter of law for four reasons: Plaintiff fails to allege sufficient facts to state a defamation claim; the allegedly defamatory statements are privileged under Cal. Civ. Code § 47(c); Defendant Hawkins is protected by the doctrine of managerial immunity; and the allegedly defamatory statements are opinion and not actionable statements of fact. Doc. 12, 1:12-21. Given the procedural posture of this case (removed with a non-diverse defendant), Defendants must affirmatively show that that the fraudulent joinder doctrine applies to establish that this federal court has subject matter jurisdiction.

**A. Fraudulent Joinder**

"[U]nder the fraudulent-joinder doctrine, '[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."'" Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016), quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) and McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a "strong presumption against removal jurisdiction" and a "general presumption against fraudulent joinder." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009), citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). In

undergoing this analysis, the proper pleading standard considered is the applicable state standard. See Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113-14 (9th Cir. 2016) (ruling based on Nevada pleading standards and procedures).

To prevail on a theory of fraudulent joinder requires more than a showing that the existing complaint fails to state a cause of action. See Davis v. Prentiss Props. Ltd., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("The mere fact that a claim is ultimately unsuccessful does not necessarily mean that its joinder was fraudulent. Thus, some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder"); Johnson v. Owners Ins. Co., 2016 U.S. Dist. LEXIS 104129, *6 (D. Ariz. 2016) ("Because the failure to state a cause of action must be 'obvious,' fraudulent joinder scrutiny is more lenient toward the plaintiff than scrutiny under Rule 12(b)(6)"). Old Ninth Circuit precedent explained that "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court. A merely defective statement of the plaintiff's action does not warrant removal." Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944). More recently, the Ninth Circuit has cited to Eleventh Circuit precedent for the proposition that "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009), quoting Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007).

However, there is significant variance in application. In an older fraudulent joinder case, the Ninth Circuit noted that "In making its findings the district court evidently refused to consider the allegations made in plaintiffs' unfiled 'Proposed First Amended Complaint,' which plaintiffs had attached as an exhibit to their Motion for Reconsideration. In their briefs on appeal, however, plaintiffs rely on the allegations made in this unfiled 'Proposed First Amended Complaint,' as well those made in their original complaint, to support their contention that they have stated valid claims against Bookwalter and Green. This court will not consider the allegations contained in the unfiled 'Proposed First Amended Complaint.'" Kruso v. International Tel. & Tel. Corp., 872 F.2d

1416, 1426 n.12 (9th Cir. 1989).  Several district courts have taken this precedent to mean that only the operative complaint should be considered on what would be close to a Rule 12(b)(6) standard, and any proposed amended complaint or potential for amendment should be ignored. See, e.g. Pasco v. Red Robin Gourmet Burgers, Inc., 2011 U.S. Dist. LEXIS 133613, *10 (E.D. Cal. Nov. 17, 2011) ("The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that could be alleged via an amended complaint"); Roland-Warren v. Sunrise Senior Living, Inc., 2009 U.S. Dist. LEXIS 68393, *16 and *22 (S.D. Cal. Aug. 4, 2009) ("The standard parallels that used in deciding motions to dismiss under Rule 12(b)(6)" and "Plaintiff mentions she will seek leave of court to amend her complaint when discovery reveals certain details of the alleged defamation. However, fraudulent joinder is assessed based on the assertions in the complaint, not on the potential yield of future discovery"); Khan v. Infor (US) Inc., 2016 U.S. Dist. LEXIS 91211, *6 (C.D. Cal. July 13, 2016) (finding fraudulent joinder and denying remand but granting leave to amend the dismissed claims); Toth v. Guardian Indus. Corp., 2012 U.S. Dist. LEXIS 17312, *12 (E.D. Cal. Feb. 13, 2012).

In contrast, the majority of federal district court decisions within the Ninth Circuit (especially the more recent cases) do not apply Kruso in that manner and require the defendant to show not only that the plaintiff has not stated a claim, but would be denied leave to amend. See, e.g. McGrann v. AT&T Mobility Servs., LLC, 2016 U.S. Dist. LEXIS 146991, *11 (E.D. Cal. Oct. 24, 2016) ("the removing party [must] prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts"); Bell v. Terminix Int'l Co., 2016 U.S. Dist. LEXIS 73207, *19 (D. Haw. June 6, 2016) ("Given the burden defendants face, not only in defense of removal, but also in asserting a fraudulent joinder claim, consideration of the possibility of a future amendment should not be foreclosed")[1]; Tang v. Rosenwald, 2016 U.S.

---

[1] The District of Hawaii also points out that "In California Dump Truck Owners Ass'n v. Cummins Engine Co., 24 Fed. Appx. 727, 729-30 (9th Cir. 2001), the Ninth Circuit—in an unpublished decision—found that Defendants failed to demonstrate fraudulent joinder where 'it [was] very possible that the state court would have granted plaintiffs leave to amend their complaint, allowing them to address the deficiencies the [defendants] assert[ed].' Pursuant to Ninth Circuit Rules 36-3(a) and (c), unpublished decisions and orders issued by the Ninth Circuit

Dist. LEXIS 56935, *8 (C.D. Cal. Apr. 27, 2016) ("Defendants must establish that no amendment to the FAC would cure the alleged deficiencies in Plaintiffs' claim"); Burris v. AT&T Wireless, Inc., 2006 U.S. Dist. LEXIS 52437, *3 (N.D. Cal. July 19, 2006) ("The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant"); Nickelberry v. DaimlerChrysler Corp., 2006 U.S. Dist. LEXIS 22545, *4-5 (N.D. Cal. Apr. 17, 2006) (requiring the defendant show plaintiff "would not be afforded leave to amend her complaint to address the purported pleading deficiency"); Enriquez v. Stericycle, Inc., 2016 U.S. Dist. LEXIS 138659, *3 (C.D. Cal. Oct. 5, 2016); Pacray v. Wells Fargo Home Mortg., Inc., 2016 U.S. Dist. LEXIS 114331, *10 (E.D. Cal. Aug. 25, 2016); FreemanGrove v. Childtime Learning Ctrs., Inc., 2016 U.S. Dist. LEXIS 84840, *10 (C.D. Cal. June 28, 2016); Rankankan v. JPMorgan Chase Bank, N.A., 2016 U.S. Dist. LEXIS 81365, *17 (N.D. Cal. June 22, 2016); Moore v. Wells Fargo Bank, N.A., 2016 U.S. Dist. LEXIS 72342, *17 (E.D. Cal. June 2, 2016); Olguin v. Int'l Paper Co., 2016 U.S. Dist. LEXIS 55687, *13 (C.D. Cal. Apr. 26, 2016); Morris v. Mass. Elec. Constr. Co., 2015 U.S. Dist. LEXIS 149017, *3 (C.D. Cal. Nov. 3, 2015); Guzman v. Gruma Corp., 2015 U.S. Dist. LEXIS 44341, *5-6 (E.D. Cal. Apr. 3, 2015); Rieger v. Wells Fargo Bank, 2013 U.S. Dist. LEXIS 58232, *9 (N.D. Cal. Apr. 23, 2013); Buck v. McKesson Corp., 2014 U.S. Dist. LEXIS 189063, *11 (S.D. Cal. July 29, 2014); Sang Kyeun Sun v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 19554, *8 (C.D. Cal. Feb. 8, 2010); cf. Roberson v. Newell Rubbermaid Inc., 2014 U.S. Dist. LEXIS 159760, *7-8 (D. Ariz. Nov. 12, 2014) ("When a plaintiff files an amended complaint, a defendant asserting fraudulent joinder as a basis for removal must do more than show that the original complaint fails to state a claim against the resident defendant"); Loid v. Computer Scis. Corp., 2013 U.S. Dist. LEXIS 30980, *7-8 (E.D. Wash. Mar. 5, 2013) ("the Court may consider material extrinsic to the Complaint — including potential but as-yet-unpled claims — in determining whether the Jarrett Defendants were

---

prior to January 1, 2007 'may not be cited to the courts of this circuit' except under limited circumstances, not present here. Accordingly, the Court does not rely on California Dump Truck." Bell v. Terminix Int'l Co., 2016 U.S. Dist. LEXIS 73207, *18 n.5 (D. Haw. June 6, 2016).

fraudulently joined"); Candy v. 474 Club LLC, 2007 U.S. Dist. LEXIS 7524, *11 (D. Idaho Jan. 31, 2007) ("courts have considered the plaintiff's amended complaint as a clarification to the allegations bearing on the federal court's jurisdiction"). As one Eastern District case explained, "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979), citing Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. 1957). "Stated differently, if there is a 'non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand.'" Altman v. Ho Sports Co., 2009 U.S. Dist. LEXIS 80662, *7 (E.D. Cal. Aug. 20, 2009), citing Vu v. Ortho-Mcneil Pharm., Inc., 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009). If the court can perceive that a "plaintiff may be able to explain or expand on his allegations" to state a valid claim, then "The court cannot conclude that it is impossible or fanciful that plaintiff can establish liability." Widder v. State Farm Fire & Cas. Co., 2010 U.S. Dist. LEXIS 115244, *7 (E.D. Cal. Oct. 28, 2010). Given the weight of recent authority, this court follows the majority rule and requires a removing defendant to show that leave to amend any deficient pleading would not be granted.

The standard is stringent because the fraudulent joinder doctrine requires more than a plaintiff being incorrect; the pleading against the non-diverse defendant must border on the improper. "A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant….The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159-60 (C.D. Cal. 2009). One court has described the standard as "akin to an application of Rule 11" such that "a party whose claim is not frivolous may legitimately present that claim to an appropriate court to have the claim considered. The fact that the party may lose or even the fact that the party will probably lose does not affect the party's right to present its claim, make its arguments, and receive a ruling from a court with proper jurisdiction." Davis v. Prentiss Props. Ltd., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999).

**B. Sufficiency of Allegations**

Under California law, defamation is "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (Cal. 2007), citations omitted. Defendants argue that the complaint lacks specificity as to the content of the defamatory statement. Plaintiff provides only two factual descriptions of the contents of the alleged defamation. They closely parallel each other: "Defendants, McLane and Hawkins, told others, including but not limited to other McLane employees and subsequent potential employers, expressly or by implication, that Plaintiff was unable to work. Plaintiff could, in fact, work with accommodation of his work restrictions" and "Defendants, and each of them, told others, including but not limited to Joseph Stagnero [President of McLane], and subsequent potential employers, expressly or by implication, that Plaintiff was unable to work and deserved to be terminated. In fact, Plaintiff could work and did not deserve to be terminated." Doc. 1-1, Ex. A, 5:12-15 and 11:25-28.

Defendants state that "words constituting an alleged libel or slander 'must be *specifically identified* if not pleaded verbatim, in the complaint.' Gilbert v. Sykes, 147 Cal. App. 4th 13, 31 (2007), quoting Vogel v. Felice, 127 Cal. App. 4th 1006, 1017, fn. 3, and Kahn v. Bower, 232 Cal. App. 3d 1599, 1612 n.5 (1991) (emphasis added)." Doc. 12, 4:7-11, emphasis in original. Defendants' quotation from California case law is misleading. The actual language of the precedent states, "The general rule is that the words constituting an alleged *libel* must be specifically identified, if not pleaded verbatim, in the complaint." Kahn v. Bower, 232 Cal. App. 3d 1599, 1612 n.5 (Cal. App. 1st Dist. 1991), emphasis added. The California Supreme Court has stated that words constituting slander need not be specifically identified or pleaded verbatim; instead the substance of the statement must be given. See Okun v. Superior Court, 29 Cal. 3d 442, 458 (Cal. 1981) ("Nor is the allegation defective for failure to state the exact words of the alleged slander. Notwithstanding an early dictum cited here…we conclude that slander can be charged by alleging the substance of the defamatory statement"). Plaintiff alleges defamation generally, but the facts suggest that he may be discussing both slander and libel. Looking at the wording of the complaint, the nature of the allegedly defamatory statement is not clear. Plaintiff does not explain

1  whether Defendant Hawkins said that Plaintiff could not work even with accommodations, or
2  whether Defendant Hawkins said Plaintiff offered no medical support for accommodations, or
3  whether Defendant Hawkins's statements were false in some other manner.

4  However, even when a plaintiff fails to sufficiently allege the substance of the defamatory
5  statement, leave to amend should be granted to allow a plaintiff to provide more specificity. See
6  Lipman v. Brisbane Elementary Sch. Dist., 55 Cal. 2d 224, 235 (Cal. 1961) (reversing demurrer
7  without leave to amend and allowing amendment when "the complaint does not allege either the
8  specific words or the substance of statements attributed to the district attorney but instead merely
9  alleges the conclusions of the pleader that statements were made which 'intimated and suggested'
10 that plaintiff had done certain wrongful things").  Under California law, leave to amend should be
11 granted if "on the pleaded and noticeable facts there is a reasonable possibility of an amendment
12 that would cure the complaint's legal defect or defects." Yvanova v. New Century Mortgage
13 Corp., 62 Cal. 4th 919, 924 (Cal. 2016), citing Schifando v. City of Los Angeles, 31 Cal.4th 1074,
14 1081 (Cal. 2003).  This is a case where leave would probably be granted to clarify the substance of
15 the allegedly defamatory statements.  Defendants have not met the fraudulent joinder standard.

## C. Common Interest Privilege

18 One of the elements of defamation is that the communication must be unprivileged.
19 Defendants argue that Plaintiff's claim fails as the allegedly defamatory statements are covered by
20 the common interest privilege.[2]  California law privileges communications made "without malice,

---

[2] It is not absolutely clear whether privilege should be considered when analyzing fraudulent joinder.  Under California law, libel and slander are, in part, statutorily defined as "false and unprivileged publication." Cal. Civ. Code §§ 45 and 46.  This wording suggests that lack of privilege is an element of a defamation claim.  Yet in practice, "The general rule is that a privilege must be pleaded as an affirmative defense." Tschirky v. Superior Court, 124 Cal. App. 3d 534, 538 (Cal. App. 3d Dist. 1981) (discussing privilege under Cal. Civ. Code § 47(c)); see also Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, 133 Cal. App. 4th 658, 676 (Cal. App. 1st Dist. 2005) (characterizing Section 47(c) privilege raised in Mann v. Quality Old Time Service, Inc., 120 Cal. App. 4th 90, 109 (Cal. App. 4th Dist. 2004) as an affirmative defense); Eisenberg v. Alameda Newspapers, Inc., 74 Cal. App. 4th 1359, 1379 (Cal. App. 1st Dist. 1999) (characterizing Section 47(b) privilege as an affirmative defense).  Another formulation states that "Normally, privilege is an affirmative defense which must be pleaded in the answer.  However, if the complaint discloses existence of a qualified privilege, it must allege

to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c).

Plaintiff argues that malice is plead in the complaint.  "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (Cal. App. 4th Dist. 2003), citations omitted.  Inconsistent statements regarding an employee's work efforts can suffice to allege malice. See Sahota v. Walgreen Co., 2013 U.S. Dist. LEXIS 93190, *10 (E.D. Cal. July 2, 2013) ("plaintiff pleads facts that, when construed in the light most favorable to him, support a finding of malice on behalf of Friello. Plaintiff alleges Friello initially commended plaintiff for his actions during the shoplifting incident, but later stated those same actions amounted to 'misconduct.'…. The court can infer from the inconsistency in Friello's two statements, in light of evidence showing his change of heart was unjustified, that Friello was acting at minimum with reckless disregard for the truth").  In this case, Plaintiff alleges that Hawkins had told him about one week before he was fired that "the health care provider's note [which prescribed certain work restrictions] was sufficient and that he had nothing to worry about regarding his job." Doc. 1-1, 4:20-21.  This is an allegation which could support an inference that Defendant Hawkins lacked reasonable grounds for belief in the truth of her later alleged

---

malice to state a cause of action." Morris v. National Federation of The Blind, 192 Cal. App. 2d 162, 164-65 (Cal. App. 1st Dist. 1961), citations omitted.  The Ninth Circuit has recently reiterated that "affirmative defenses, which often require an inquiry into the merits of a case, cannot be considered as a part of the fraudulent joinder analysis." Kwasniewski v. Sanofi-Aventis U.S., LLC, 637 Fed. Appx. 405, 406 (9th Cir. 2016), citations omitted.  However, federal district courts have routinely considered privilege in fraudulent joinder analyses. See e.g. Stewart v. Walgreen Co., 2016 U.S. Dist. LEXIS 156584, *5-7 (C.D. Cal. Jan. 8, 2016); Sanchez v. Lane Bryant, Inc., 123 F. Supp. 3d 1238, 1244 (C.D. Cal. 2015).  This appears to be a situation where federal and state procedures do not cleanly mesh.  Given the past practice of the district courts, this court will consider the substance of the common interest privilege in the fraudulent joinder analysis.

statements that Plaintiff was unfit to work. Plaintiff appears to have alleged facts sufficient to plead malice.

**D. Managerial Immunity**

Defendants assert Defendant Hawkins's actions as an employee of Defendant McLane are covered by managerial immunity.[3] This doctrine was stated by an early court as "The privilege to induce an otherwise apparently tortious breach of contract is extended by law to further certain social interests deemed of sufficient importance to merit protection from liability. Thus, a manager or agent may, with impersonal or disinterested motive, properly endeavor to protect the interests of his principal by counseling the breach of a contract with a third party which he reasonably believes to be harmful to his employer's best interests." Olivet v. Frischling, 104 Cal. App. 3d 831, 840-41 (Cal. App. 2d Dist. 1980). "[T]he doctrine of managerial immunity was established by California courts in the context of claims involving intentional interference with a contractual relationship against a supervisor who determined to fire the plaintiff. Several courts have questioned whether the doctrine is applicable outside of that context." Sanchez v. Lane Bryant, Inc., 123 F. Supp. 3d 1238, 1245 (C.D. Cal. 2015), citations omitted. One Eastern District court surveyed the precedent and found "there are numerous cases from both California state courts and district courts refusing to apply the manager's privilege outside the scope of claims for intentional interference with contractual relationship. See Webber v. Nike USA, Inc., 2012 U.S. Dist. LEXIS 146521, 2012 WL 4845549, at *4 (S.D. Cal. Oct. 9, 2012) (holding that, under California law, a tort of intentional infliction of emotional distress is outside the scope of the manager's privilege); Calero v. Unisys

---

[3] As with the common interest privilege, it is not altogether clear how managerial immunity should be considered for purposes of fraudulent joinder. One Central District court found managerial immunity insufficient for establishing fraudulent joinder in a defamation case as "The question is whether plaintiff has a colorable claim against the alleged sham defendants, not whether the defendants can propound defenses to the cause of action." Jimenez v. Witron Integrated Logistics, Inc., 2015 U.S. Dist. LEXIS 157444, *3 (C.D. Cal. Nov. 20, 2015). Again, "it is far from clear under California law whether the managerial privilege is an affirmative defense or part of the plaintiff's cause of action." Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003).

Corp., 271 F. Supp. 2d 1172, 1179 (N.D. Cal. 2003) (same); E.E.O.C. v. Interstate Hotels, L.L.C., 2005 U.S. Dist. LEXIS 45000, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (concluding that the privilege does not apply to plaintiff's allegations of 'harassment and discrimination' by a manager); Morcote v. Oracle Corp., 2005 U.S. Dist. LEXIS 31898, 2005 WL 3157512, at *7 (N.D. Cal. Nov. 23, 2005) (concluding that the manager's privilege does not protect a supervisor who interfered with the plaintiff's contract with a third party (not plaintiff's employer) and explaining that 'none of [the cases cited by plaintiff] stands for the broad proposition that managers may not be sued in tort for actions taken in the scope of their employment')." Hernandez v. Ignite Rest. Group, Inc., 917 F. Supp. 2d 1086, 1091 (E.D. Cal. 2013). This unresolved issue of state law might prevent the application of privilege in this case. Cf. Cecena v. Allstate Ins. Co., 358 Fed. Appx. 798, 799 (9th Cir. 2009) (mixed case law on whether insurance agents could be liable for common law fraud or negligent misrepresentation defeated fraudulent joinder). Thus, any potential failure to state a defamation cause of action due to managerial immunity would not be "obvious according to the settled rules of the state." Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016), citations omitted.

Defendants cite to Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866 (N.D. Cal. 1992) for an application of managerial immunity as a defense against a defamation claim. However, the interaction of the privilege and the claim was only analyzed on a Fed. Rule Civ. Proc. 12(b)(6) basis as the question of diversity jurisdiction was separately resolved on another basis. Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 870 and 872-73 (N.D. Cal. 1992). In that sense, the standard applied in Kacludis is different from that of fraudulent joinder. Additionally, Kacludis did not address the question of whether managerial immunity extends beyond intentional interference with a contractual relationship to cover defamation. In this context, Defendants have not affirmatively shown that managerial immunity would absolutely apply in this case to cut off any possibility of a cognizable claim against Defendant Hawkins.

**E. Opinion vs. Fact**

Defendants argue that that statements Plaintiff complains of are opinions as opposed to

facts. "Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability. Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected." McGarry v. University of San Diego, 154 Cal. App. 4th 97, 112 (Cal. App. 4th Dist. 2007). Defendants cite to California precedent for the proposition that "unless an employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot support a cause of action for libel." Jensen v. Hewlett-Packard Co., 14 Cal. App. 4th 958, 965 (Cal. App. 4th Dist. 1993). However, Jensen has been interpreted to be limited to statements made as part of a performance evaluation; statements made outside that context are not subject to Jensen's strictures. See McNamee v. Roman Catholic Diocese of Sacramento, 2015 U.S. Dist. LEXIS 40785, *25 (E.D. Cal. Mar. 27, 2015). As the context is not altogether clear in this case, Plaintiff would probably be granted leave to amend to clarify the alleged defamation. Most instructive is a case arising out of the Northern District, where the court ordered remand despite the failure of a plaintiff to allege a factual statement as opposed to an opinion statement:

> While the Court agrees that Defendant Schwartz's statement that 'the company is shit because of HR,' FAC ¶ 14, is likely not provably false because it is an opinion incapable of objective measurement, the Court finds that Defendants have not carried their burden to demonstrate that there is no possibility that Plaintiff will be able to establish a cause of action for defamation against Defendant Schwartz. Defendants' arguments go to 'inartful, ambiguous, or technically defective pleading' and therefore are not sufficient to show fraudulent joinder.

Krivanek v. Huntsworth Grp. LLC, 2015 U.S. Dist. LEXIS 120148, *10-11 (N.D. Cal. Sept. 9, 2015), citations omitted. Given the lack of clarity in the complaint, it is not certain whether the allegations concern facts or opinions. Nevertheless, the circumstances permit an inference that there may be other factual statements that are properly the subject of a defamation claim. Defendants have not met the standard to show fraudulent joinder.

**F. Attorney's Fees**

Plaintiff seeks attorney's fees for the removal and remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a

13

result of the removal. 28 U.S.C. § 1447 (c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  There is sufficient ambiguity in Plaintiff's pleading to present a fair argument that Plaintiff's existing complaint failed to state a claim against Defendant Hawkins.  Given that there is some disagreement among the courts as to the appropriate standard for analyzing fraudulent joinder, Defendants' decision to attempt removal was not unreasonable.  In this circumstance, the court declines to award attorney's fees.

### IV. Order

Plaintiff's motion for remand is GRANTED.  This case is REMANDED to the Superior Court of California, County of Merced.

Plaintiff's motion for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated:   December 30, 2016                    _____
                                              SENIOR  DISTRICT  JUDGE